# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ROSE LANNQUIST GOULDY,**
Appellant,

v.

**TIMOTHY M. CHIASSON,** et al.,
Appellees.

No. 4D2025-1289

[July 22, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Kerner, Judge; L.T. Case No. 502021CA000123XXXXMB.

Rose Lannquist Gouldy, Palm Beach Gardens, pro se.

Timothy M. Chiasson and Jonnie M. Jennings of Perri & Jennings, PLLC, Shalimar, for appellee Timothy M. Chaisson.

GROSS, J.

Rose Lannquist Gouldy appeals an order determining reasonable appellate attorney's fees and costs in favor of appellee Timothy Chiasson following this court's affirmance of a final summary judgment in Chiasson's favor.

This appeal arises from a frivolous underlying lawsuit Gouldy brought against Chiasson, an attorney, in connection with Chiasson's actions in representing appellees Amanda Munyan and Michael Peak in a related probate matter involving Gouldy.

We affirm the appeal in all respects and issue a separate order to show cause as to why Gouldy should not be barred from further pro se filings in this court. Gouldy's excessively long pro se brief contains frivolous arguments, misrepresentations of the record, a phantom case, and fake quotes from actual cases.

### Background

As the former personal representative of her late husband's estate, Gouldy brought a civil action stemming from the attempted sale of the decedent's home (the "Property") to Michael Peak and Amanda Munyan (a/k/a Amanda Munyon).

Based upon Gouldy's representation that she was the only person with an interest in the Property, the probate court authorized the sale of that property to Peak and Munyan, who were then renting it. Before closing, Gouldy's stepdaughters, the other beneficiaries of the estate, successfully moved to vacate the order authorizing sale.

Following the failed sale, Peak and Munyan, represented by Chiasson, filed a petition for surcharge against Gouldy, alleging that they had made mortgage payments and significant improvements to the Property in anticipation of purchasing it. The probate court entered a default final judgment against Gouldy, which we later vacated in *Lannquist v. Munyon*, 307 So. 3d 782, 783 (Fla. 4th DCA 2020).

Meanwhile, in June 2020, while her appeal of the default judgment was still pending, Gouldy executed a Satisfaction Agreement with Peak and Munyan. That agreement purported to resolve the default judgment, the then-pending appeal, and any fee claims. In exchange for Peak and Munyan dropping their claims and recording a satisfaction of the default judgment, Gouldy agreed to transfer her interests in the Property and another property (the "Longwood Condominium") to Peak and Munyan. However, Peak and Munyan's performance was contingent on Gouldy's delivery of various documents.

The Satisfaction Agreement appears to have fallen apart, and Peak and Munyan decided to buy a different property. The probate court entered an order requiring Peak and Munyan to return the Longwood Condominium to Gouldy, and to pay her unpaid rent for the Property.

### The Underlying Lawsuit and the Final Order on Appeal

*The Complaint*

Gouldy filed a complaint against Munyan, Peak, and Chiasson, asserting the following four counts: (1) fraud upon the court; (2) civil theft; (3) economic extortion; and (4) tortious interference.

Relevant to this appeal, the civil theft count was premised upon allegations that the defendants had lured Gouldy into the Satisfaction Agreement, and that their failure to record satisfactions of the vacated default judgment pursuant to that agreement amounted to theft of her real property.

*Final Judgment in favor of Chiasson*

The trial court granted Chiasson's motion for summary judgment and motion for sanctions pursuant to section 57.105(1), Florida Statutes, finding that Gouldy's complaint was not supported by the material facts necessary to establish the claims therein and was not supported by the application of then-existing law to those material facts. The court explained that all of Gouldy's allegations against Chiasson concerned actions he took in his capacity as the attorney for the other defendants, and such actions were therefore protected by the immunity afforded to lawyers under the litigation privilege.

In March 2022, the trial court entered a final judgment in Chiasson's favor on all counts. The judgment included an award to Chiasson of $13,980.00 in reasonable fees pursuant to section 57.105, and $4,754.46 in costs pursuant to section 57.041, Florida Statutes, and section 772.11(1), Florida Statutes.

*Prior Appeal*

Gouldy appealed that March 2022 final judgment to this court in case no. 4D2022-0118. We per curiam affirmed the final judgment for Chiasson and the award of attorney's fees and costs against Gouldy. *See Gouldy v. Chiasson*, 356 So. 3d 242 (Fla. 4th DCA 2023). We also granted Chiasson's motion for appellate attorney's fees "as to the civil theft claim pursuant to section 772.11(1), Florida Statutes," and remanded for the trial court to set the amount.

We found that Gouldy had submitted frivolous filings in the appeal and cautioned her that further frivolous filings "may result in sanctions, such as a bar on pro se filing in this Court."[1]

---

[1] We also have ruled on five of Gouldy's appeals in lawsuits related to this appeal. In case no. 4D2023-1502, we affirmed a final probate order granting a surcharge petition against Gouldy and awarding $150,000 to appellees Munyan and Peak. Previously, in case nos. 4D2019-2722 and 4D2019-3371, we had reversed the denial of Gouldy's motion to vacate a default final judgment against her on the surcharge petition. In case no. 4D2024-2000, we affirmed an order granting a

We issued our mandate in March 2023.

Gouldy filed a bankruptcy petition in June 2023, which was dismissed in November 2023.

*Proceedings on Remand from Bankruptcy Court*

In December 2023, Chiasson moved for a hearing to determine the amount of appellate attorney's fees. The trial court canceled a fee hearing scheduled for June 21, 2024, and rescheduled it to begin on September 10, 2024, giving Gouldy over two months to prepare.

The court's order required Gouldy to notify Chiasson, thirty-five days prior to the September hearing, of her "specific written objections to all costs and all cost invoicing and all attorneys' fees by identifying each line item and each element of attorneys' fees to which" she objected. Prior to the fees hearing, Gouldy served no objections to specific line items in the billing records.

*The Fee Hearing*

The trial court held a fee hearing on September 10, September 13, and November 19, 2024.

At the fee hearing, an attorney testified regarding his law firm's business records concerning its representation of Chiasson in the prior appeal. The attorney's affidavit, which included his firm's billing records as an attachment, was admitted into evidence.

Chiasson submitted into evidence his own corrected affidavit of attorney's fees and costs, along with a supplemental business certification for the records of the law firm where he is employed, Perri & Jennings, which represented him as co-counsel in the prior appeal.

A fee expert testified that the hourly rates charged by both firms were reasonable. For example, he testified that one attorney's rate of $400 an hour was less than the market rate of $500-$600 per hour. He testified

---

motion for sanctions and dismissing with prejudice a legal malpractice action against Gouldy's former attorney who had briefly represented her in the probate case. In case no. 4D2025-0444, we affirmed the probate court's order granting attorney's fees, including prejudgment, post-judgment, and appellate fees, to appellees Munyan and Peak in the surcharge action. We also awarded appellate fees to Munyan and Peak under the inequitable conduct doctrine.

as to the reasonable number of hours for each attorney, explaining that he reduced some of their time in determining their reasonable fees.

Gouldy did not file specific objections to individual time entries, but she did raise the following objections to the requested fees: (1) Chiasson was represented by multiple law firms; (2) Chiasson should not recover fees for representing himself; (3) Chiasson was not entitled to fees because he had "unclean hands" and acted in "bad faith"; (4) the request for fees was untimely under Florida Rule of Civil Procedure 1.525; (5) fee expert costs were not awardable; and (6) Chiasson was not entitled to post-judgment fees.

*Order Determining Reasonable Appellate Fees and Costs*

On January 27, 2025, the trial court entered an order determining reasonable appellate fees and costs in favor of Chiasson. Applying the factors set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), the trial court made specific findings as to the reasonable hourly rate and number of reasonable hours for each timekeeper. The court found that the hours were supported by substantial, competent evidence, including time records, and the testimony of the attorney, Chiasson, and the fee expert. The court made findings as to six objections Gouldy had raised.

The court found that the reasonable fee award was $54,780.00 and that the costs on appeal were $10,882.23, resulting in a total judgment amount of $65,662.23. The awarded costs included the cost of Chiasson's fee expert.

### The Issues on Appeal

Gouldy raises fifteen issues in her initial brief, some containing sub-issues. Her arguments are either unpreserved, improperly or inadequately presented, or meritless.

A trial court's factual findings are reviewed for competent, substantial evidence, while the court's legal conclusions are reviewed de novo. *Markes v. Markes*, 412 So. 3d 767, 771 (Fla. 4th DCA 2025). "We review the trial court's determination as to the amount of attorney's fees and costs for abuse of discretion." *Webber for Keitel v. D'Agostino*, 251 So. 3d 188, 191 (Fla. 4th DCA 2018). A claim that the trial court violated due process is reviewed de novo. *Ackerman v. HMC Assets, LLC as Tr. of CAM XVIII Tr.*, 338 So. 3d 295, 296 (Fla. 4th DCA 2022).

5

*Issue I—Timeliness Under Rule 1.525*

Gouldy argues that the trial court lacked jurisdiction to award appellate attorney's fees because the motion to determine the amount of fees was untimely under Florida Rule of Civil Procedure 1.525. She contends that the motion had to have been filed within 30 days of the issuance of the appellate mandate.

Florida Rule of Civil Procedure 1.525 states that "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party."

Significantly, where entitlement to attorney's fees and costs has already been determined, rule 1.525 does not apply. *Amerus Life Ins. Co. v. Lait*, 2 So. 3d 203, 207 (Fla. 2009). Once "a party already has a judgment granting attorney's fees and costs, it would appear superfluous to require such a party to file a motion seeking to tax them again. The court has, in essence, already ruled to *tax* them and all that remains is a determination of the reasonable amount." *Id.* (quoting *Hart v. City of Groveland*, 919 So. 2d 665, 669 (Fla. 5th DCA 2006)). "Rule 1.525 imposes no jurisdictional time limit for the scheduling of a hearing on the matter of the amount to be awarded after a motion seeking fees or costs has been timely filed." *HCA Health Servs. of Fla., Inc. v. Berlin*, 383 So. 3d 840, 842 (Fla. 4th DCA 2024).

Here, rule 1.525 does not apply because this court already determined Chiasson's entitlement to attorney's fees in the prior appeal and remanded to the trial court to solely establish the amount. Rule 1.525 does not require a motion seeking a determination of the amount of appellate fees to be filed within 30 days of the mandate. Chiasson made a timely fee motion in the appellate court in the prior appeal, and all that remained was a determination of the reasonable amount.

*Issue II—Appellate Court's Alleged Lack of Jurisdiction*

Gouldy argues that this court lacked jurisdiction to award fees in the prior appeal under section 772.11, Florida Statutes, which was never raised or adjudicated in the trial court. She contends that the reference to "costs pursuant to § 772.11" in the final judgment was not a proper adjudication and was fraudulently inserted into the judgment by Chiasson. According to Gouldy, this court's "sua sponte" award of fees under section 772.11 violated due process because she "was never given

notice or opportunity to be heard regarding whether her civil theft claim lacked substantial factual or legal support under Section 772.11," and "the first time Section 772.11 appeared in any proceeding was in the appellate court's fee order."

Gouldy's argument misrepresents the record and is wholly without merit.

Section 772.11(1) imposes fee shifting for meritless civil theft claims as follows: "The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." § 772.11(1), Fla. Stat. (2022).

Contrary to Gouldy's claim, this court had jurisdiction to award appellate fees under section 772.11(1), which did not occur "sua sponte."

For starters, Count II of her complaint raised a civil theft claim against Chiasson under section 772.11. The trial court entered final summary judgment against her as to all claims against Chiasson, thereby adjudicating the civil theft count.

The trial court also found that all of Gouldy's claims were "absolutely" frivolous and warranted sanctions under section 57.105(1). This ruling was tantamount to a finding that Gouldy's civil theft claim was without substantial factual or legal support. Additionally, the trial court awarded costs under section 772.11(1), which is consistent with the court's findings under section 57.105(1).[2]

Finally, this court's award of appellate fees under section 772.11 was made pursuant to Chiasson's timely motion in this court pursuant to that statute. We did not award section 772.11 fees "sua sponte." Nor did we violate Gouldy's due process rights, as she had the ample opportunity in the prior appeal to respond to Chiasson's fee motion.

*Issue III—Alleged Lack of Express Finding Under Section 772.11*

Gouldy argues that section 772.11 requires an express finding that the civil theft claim lacked substantial support, which was never made by either the trial court or this court. But the trial court's section 57.105(1)

---

[2] The allegation that Chiasson fraudulently inserted the reference to section 772.11 into the final judgment lacks record support. Slinging an allegation of fraud into a brief does not make it so.

findings, which were affirmed in the prior appeal, constituted an express finding that Gouldy had raised a civil theft claim that was without substantial fact or legal support. Our affirmance of the final judgment justified the order granting Chiasson's motion for appellate fees under section 772.11.

To be sure, section 772.11(1) requires a "finding that the claimant raised a claim that was without substantial fact or legal support." § 772.11(1), Fla. Stat. (2022). Accordingly, a court cannot award fees under section 772.11 without an express finding that the plaintiff's claim was without substantial fact or legal support. *Standafer v. Schaller*, 726 So. 2d 352, 353 (Fla. 2d DCA 1999).

As we noted above, we affirmed the trial court's final judgment and sanctions order, which explicitly found that "the Complaint was not supported by the material facts necessary to establish the claims" and "would not be supported by the application of then existing law to those material facts." While the trial court's order relied upon section 57.105(1) as the basis for sanctions, our affirmance of that judgment satisfies the predicate for section 772.11 attorney's fees; section 772.11 requires a less stringent standard to justify an award of fees than does section 57.105(1). *See Standafer*, 726 So. 2d at 353 ("The standard to be applied under the civil theft statute is less stringent than the frivolous suit standard contained in section 57.105, Florida Statutes (1997)."). Thus, a section 57.105 finding that fees are justified also can serve as a basis for an award under the civil theft statute.

Gouldy also suggests that our denial of section 57.105 fees to Chiasson in the prior appeal conclusively established that her civil theft claim had merit. However, that denial of section 57.105 fees in the prior appeal was based upon our conclusion that Chiasson had not complied with the procedural requirements of the appellate rule governing sanctions motions, not upon a determination that Gouldy's briefs in the prior appeal or her underlying civil theft claim were not frivolous. In fact, in the prior appeal, we expressly found that Gouldy had "engaged in repetitive and frivolous filings," and cautioned her to avoid such behavior in the future.

*Issue IV—Did the Trial Court Skip the Entitlement Determination?*

Gouldy argues that the trial court improperly "skipped [the] entitlement determination entirely," violating Florida's two-step process of determining entitlement to attorney's fees before determining the amount. She contends that "appellate approval to seek fees does not constitute automatic entitlement to fees—the trial court must still make independent

determinations for entitlement based on the merits and any valid objections raised . . . ."

Gouldy's argument relies upon fictitious quotations from Florida case law. She quotes a nonexistent case, *Barton v. McGovern*, 302 So. 3d 1042 (Fla. 2d DCA 2020), for a proposition that is consistent with her argument.

There is an actual case about attorney's fees called *Barton v. McGovern*, 504 So. 2d 457, 458 (Fla. 1st DCA 1987), *disapproved of by Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz*, 652 So. 2d 366 (Fla. 1995). But this existing *Barton* case does not include the quotation Gouldy attributes to *Barton*.

Unlike Gouldy's phantom authority, the proper law we must apply is this: "A trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so." *Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp.*, 328 So. 2d 825, 827 (Fla. 1975). And where "entitlement to attorney's fees was already determined" in a prior appeal through an award of appellate fees, the appellate court's ruling is binding as the law of the case in a subsequent appeal of the trial court's award establishing the amount of appellate fees. *McPherson v. Bittner*, 126 So. 3d 1230, 1230 (Fla. 4th DCA 2012).

On remand, the trial court correctly proceeded to the amount phase of the attorney's fees determination; entitlement was established by our mandate in the prior appeal. Our fee order granted Chiasson's fee motion "as to the civil theft claim pursuant to section 772.11(1), Florida Statutes," and remanded with the specific instructions to "set the amount of attorney's fees to be awarded for this appellate case." The order unambiguously established Chiasson's entitlement to attorney's fees under section 772.11(1).

*Issue V—Due Process/Unliquidated Damages Without a Hearing*

Gouldy says that the "fee award constitutes a void judgment because the trial court awarded unliquidated damages" in the form of attorney's fees "without providing constitutionally required due process." She complains that the fee hearings were "only about reasonableness[,] not about objections." She asserts that no evidentiary hearing occurred on her objections.

The record contradicts Gouldy's claim of a due process violation. While it is true that claims for reasonable attorney's fees are unliquidated damages for which the opposing party is entitled to notice and an

opportunity to be heard, *Beautiful Outdoors, LLC v. Torres*, 408 So. 3d 1, 3–4 (Fla. 4th DCA 2025), the trial court here afforded Gouldy due process.

The trial court held three days of evidentiary hearings. Chiasson presented witnesses and documentary evidence. Gouldy participated in the hearings, cross-examined each witness, and submitted a closing argument. While she asserts that the hearing was "only about reasonableness" and not "objections," the fee hearing was the mechanism to resolve Gouldy's objections.

Gouldy failed to submit any timely written objections to specific time entries. The trial court ruled upon various general objections to fees that could be discerned from Gouldy's incoherent filings. She complains that the court ignored or summarily denied many of her objections—including objections to entitlement, rates, and categories—but she fails to identify with particularity any objections that were not ruled upon. Any objection to entitlement was foreclosed by the prior appeal, and any objection to the reasonableness of the rates is unsupported by any record evidence that the rates were unreasonable.

*Issue VI—Verbatim Adoption of Proposed Order*

Gouldy complains that the trial court adopted Chiasson's proposed order verbatim.

"When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case." *Perlow v. Berg-Perlow*, 875 So. 2d 383, 390 (Fla. 2004). In *Perlow*, the Florida Supreme Court held that a trial judge erred "by entering as the final judgment the proposed final judgment prepared by the wife's attorney without giving the husband an opportunity to comment or object." *Id.* Proposed judgments "cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge." *Id.*

Still, "the law in Florida does not prohibit the verbatim adoption of a judgment that has been proposed by a party." *Bishop v. Bishop*, 47 So. 3d 326, 328 (Fla. 2d DCA 2010). *Perlow* does not establish a bright-line rule against the adoption of a party's proposed judgment, and the fact that a judgment was adopted from a proposal submitted by a party does not, standing alone, mandate the conclusion that the judgment does not reflect the judge's independent decision-making. *In re T.D.*, 924 So. 2d 827, 828–31 (Fla. 2d DCA 2005). "The essential requirement of *Perlow* is notice to

10

the other side of the submission of a proposed final judgment and the opportunity to object." *Hillier v. City of Plantation*, 935 So. 2d 105, 107 (Fla. 4th DCA 2006).  Accordingly, it is not reversible error for a trial judge to adopt a proposed judgment verbatim, unless additional circumstances create an appearance that the trial judge did not make an independent determination.  *In re T.D.*, 924 So. 2d at 828–30.

Here, the trial court did not violate *Perlow*'s requirements.  The record does not give the appearance that the trial court failed to exercise its independent judgment.  Gouldy had notice of Chiasson's proposed order and an opportunity to object.  The trial court requested proposed orders from both sides.  Gouldy submitted her own proposed order and objected to Chiasson's proposed order.  No circumstances created an appearance that the trial court did not make an independent decision.

*Issue VII—Whether the Award Was Premature*

Gouldy argues that the fee award was premature because (1) Florida prohibits "piecemeal fee awards," (2) multiple post-judgment motions await resolution, and (3) her constitutional right to a jury trial was denied because factual disputes regarding bad faith and fraud required a jury determination.

First, it is unclear what Gouldy means by "piecemeal fee awards."  She cites a fake quote from *Stockman v. Downs*, 573 So. 2d 835 (Fla. 1991), to support this argument.  To the extent Gouldy contends that fees should be determined after resolution of the main claim, the record reflects that this is exactly what happened.  The award of appellate fees stemmed from the affirmance of the final judgment on Gouldy's underlying claims against Chiasson.  That the final judgment did not resolve her claims against the other appellees is of no consequence.  No error occurred.

Second, Gouldy argues that multiple post-judgment motions await resolution, including her (1) Sworn Petition for Rehearing Dated 2/6/25, (2) Motion to Quash Dated 3/10/25, (3) Rule 1.540 Motion to Vacate Dated 4/8/25, and (4) Motion for New Trial Dated 4/28/25.

However, this court has already determined that the January 27, 2025 order determining appellate fees was rendered on April 7, 2025, when the trial court denied Gouldy's March 17, 2025 Supplemental Motion for Rehearing. We necessarily treated the Supplemental Motion for Rehearing as an amendment to the timely original motion for rehearing under Florida Rule of Civil Procedure 1.530(b), leaving one motion for rehearing before the trial court which was denied on April 7, 2025.

The Motion to Quash was not a timely, authorized motion tolling rendition. The rule 1.540 motion, which was still pending as of the Notice of Appeal, does not affect our jurisdiction over this appeal. Finally, once the trial court denied the Supplemental Motion for Rehearing, the trial court lost jurisdiction to rule on any subsequent rule 1.530 motions, such as the April 28, 2025 Motion for New Trial.

Thus, no motions needed to be resolved for this court to have jurisdiction over this appeal.

Third, the underlying final judgment had already been affirmed on appeal, and Gouldy had no right to a jury trial in a hearing over the amount of attorney's fees. *See Cheek v. McGowan Elec. Supply Co.*, 511 So. 2d 977, 979 (Fla. 1987) (holding that "the right to a jury trial on the issue of attorney's fees did not exist under the common law" and thus no such right to a jury trial was preserved in the Florida Constitution).

*Issue VIII—Apportionment of Fees*

Gouldy contends that the fee award cannot stand because the trial court failed to apportion fees between civil theft and the other claims. She posits that "[s]ection 772.11 authorizes fees only for defending civil theft claims, not fraud, extortion, tortious interference, or § 57.105 sanctions." She further argues that "[t]he order awards undifferentiated amounts without analyzing which work related to civil theft defense versus other claims."

Gouldy failed to sufficiently preserve these issues by making a specific objection in the trial court. In any event, the section 772.11 issues were intertwined with the complaint's other fraud allegations, such that segregation of the work done would have been impractical.

"Although the fee applicant has the burden of establishing its entitlement to an award of attorneys' fees, the opponent of the fee has the burden of pointing out with specificity which hours should be deducted." *Centex-Rooney Const. Co. v. Martin Cnty.*, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999) (citation omitted). From the opposite perspective, we have also said that "[t]he party seeking fees bears the burden to allocate the issues for which fees were awardable or show that the issues are so intertwined that allocation is infeasible." *Household Fin. Corp. III v. Williams*, 290 So. 3d 508, 511 (Fla. 4th DCA 2020).

Here, Gouldy never objected in the trial court on the ground that it was necessary for the fee award to isolate fees attributable to the civil theft issue or show that the issues were so intertwined that allocation was not feasible. She did not comply with the trial court's order requiring her to submit written objections to attorneys' fees in advance of the hearing by identifying each line item and each element of attorney's fees to which she objected. Nor did Gouldy raise a clear objection on this ground at the fees hearing. Further, she did not specifically raise this issue in her objections to Chiasson's proposed fee order.

Although Gouldy argued for the first time in her original motion for rehearing that one lawyer's billing with respect to section 57.105 should have been excluded, this argument was unpreserved because it could have been raised at the fee hearing or in a pre-hearing filing. *See Chris Thompson, P.A. v. GEICO Indem. Co.*, 349 So. 3d 447, 448–49 (Fla. 4th DCA 2022) (explaining that "it is not an abuse of discretion to deny a motion for reconsideration which raises an issue that could have been, but was not, raised in a pre-hearing filing or at the entitlement hearing").

Gouldy also never clearly articulated in her motions for rehearing that the trial court needed to make factual findings as to (1) which fees were attributable to the civil theft claim or (2) whether allocation was infeasible. The trial court never ruled on any issues regarding allocation or the feasibility of allocation. Accordingly, this issue is not preserved for appellate review. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved."); *see also* Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule."); *Klein v. Est. of Klein*, 295 So. 3d 793, 800 (Fla. 4th DCA 2020) (explaining that a party must "obtain a ruling from the trial court in order to preserve an issue for appellate review").

*Issue IX—Purported Non-Recoverable Categories of Fees*

Gouldy argues that the fee award improperly includes nonrecoverable categories and excessive amounts. None of her arguments have merit.

13

First, she objects to fees awarded to a pro se attorney litigant.[3] But, under Florida law, "an attorney is entitled to fees for the time he expends [representing himself in a lawsuit], just as if he had employed outside counsel." *McClung v. Posey*, 514 So. 2d 1139, 1140 (Fla. 5th DCA 1987). Thus, this objection lacks merit.

Second, Gouldy objects to fees awarded for one lawyer's time, because that lawyer never signed "appellate pleadings," never made an appearance, and never received payment. The lawyer's firm entered an appearance on behalf of Chiasson; her time entries reflected that she had reviewed numerous filings and consulted on the appeal. That she did not sign the answer brief or other filings is not dispositive of the compensability of her time. Further, an attorney's fees award does not require proof that the client has actually paid the attorney.

Third, Gouldy objects to fees awarded for another attorney's time on the ground that there was "no proof of payment" except for $1,368. However, this is a mischaracterization of the record, because that attorney testified that his invoices were paid in full.

Fourth, Gouldy objects that the expert fees were unauthorized by statute, arguing that expert fees are not a court cost and that section 772.11 does not authorize expert fees. To be sure, "[c]osts are taxable only where authorized by statute or rule." *Junkas v. Union Sun Homes, Inc.*, 412 So. 2d 52, 53 (Fla. 5th DCA 1982).

Contrary to Gouldy's argument, statutory authorization existed for the taxation of the expert fees as costs. The expert witness fees were recoverable as taxable costs under section 57.041(1) and section 92.231(2). A trial court has the discretion to tax as a cost the fees of an expert witness who testifies regarding the reasonableness of attorney's fees. *See* § 92.231(2), Fla. Stat. (2024) (stating that any expert witness "who shall have testified in any cause shall be allowed a witness fee," which "shall be taxed as costs"); § 57.041(1), Fla. Stat. (2024) (mandating that a "party recovering judgment shall recover all his or her legal costs and charges"); *Travieso v. Travieso*, 474 So. 2d 1184, 1186 (Fla. 1985) (holding that "pursuant to section 92.231, expert witness fees, at the discretion of the trial court, *may* be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees").

---

[3] Gouldy accurately cites *Kay v. Ehrler*, 499 U.S. 432, 433, 438 (1991), for the proposition that pro se attorneys are not entitled to an award of attorney's fees under 42 U.S.C. § 1988. However, she also cites several fabricated quotes from Florida cases in support of her argument.

Fifth, Gouldy argues that the fees expert was biased. This may be true, but it is irrelevant. It can be argued that all paid fee experts are biased. This bias does not necessarily render their testimony incompetent. Gouldy also mischaracterizes the record by falsely asserting that the fee expert failed to review the lead attorney's billing records from the prior appeal.

Sixth, Gouldy asserts that the total award was excessive, but she misrepresents the amount of the fee award by stating that it was $125,000. The trial court found the appellate fees and costs of $65,662.23 to be reasonable, and this finding was supported by competent, substantial evidence.

Seventh, Gouldy claims that the fee award included federal bankruptcy litigation fees. However, Chiasson submitted a corrected affidavit to distinguish between appellate fees and post-judgment fees. The order on appeal awarded only the "appeal fees" for law firms that represented Chiasson in the prior appeal. The order explicitly stated that it was "only about the Appellate fees, not post judgment fees incurred at the trial court during and after the appeal."

Eighth, Gouldy objects that this court "did not grant fees for 57.105 yet 95% of fees was for 57.105." As noted above, this issue was not preserved by a timely objection in a pre-hearing filing or at the fee hearing. On the merits, putting aside the wild exaggeration that "95%" of fees were for section 57.105 issues, the civil theft claim was inextricably intertwined with the claim for trial-level fees under section 57.105(1), so Chiasson was entitled to appellate fees for defending the entire underlying merits judgment, including the trial-level award of section 57.105(1) fees.

*Issue X—Misapplication of Section 57.115*

Gouldy appears to argue that Chiasson improperly sought post-judgment fees under section 57.115(1), Florida Statutes (2022), which states that "[t]he court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment." § 57.115(1), Fla. Stat. (2022).

However, the order on appeal does not award fees under section 57.115. As noted above, the order explicitly awarded only "[a]ppellate fees, not post judgment fees incurred at the trial court during and after the appeal."

*Issues XI and XII—Failure to Determine Appellee's Fraud Before Awarding Fees*

Gouldy complains that the trial court erred by failing to determine appellee's fraud, unclean hands, and inequitable conduct before awarding fees. However, her allegations of fraud against Chiasson were raised in the underlying complaint and rejected in a final summary judgment on the merits, which we affirmed on appeal. She is therefore precluded from relitigating these issues.

We determined Chiasson's entitlement to appellate attorney's fees in the prior appeal, which is now the law of the case. The trial court properly followed our mandate by establishing the amount of appellate attorney's fees. *See, e.g.*, *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001) ("The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.").

*Issue XIII—"Procedural Dismissal With Prejudice" Eliminates Basis for Fee Award*

Gouldy argues that the trial court's "procedural dismissal with prejudice of the entire case, including the civil theft claim, eliminates any foundation for the attorney's fees award."

This nonsense argument is legal double talk. We can only assume that the "procedural dismissal" Gouldy mentions is the final summary judgment. But our affirmance of the final summary judgment—which rejected Gouldy's claims and found that they were frivolous—is precisely why we awarded Chiasson his appellate fees under section 772.11(1). Our affirmance of the final judgment meant that Gouldy's civil theft claim was without substantial factual or legal support, justifying an award of appellate fees under section 772.11(1).

*Issues XIV and XV—Bar Rule Violations and Public Policy Considerations*

Finally, Gouldy argues that "[a]warding fees when dismissal is based on procedural grounds rather than substantive merit would chill legitimate attempts to seek legal redress and conflicts with Florida's policy of access to courts." However, the final summary judgment did not merely reject Gouldy's claims on "procedural grounds"—it was an adjudication on the merits. She also makes a conclusory, unsubstantiated allegation that Chiasson violated Florida Bar rules. In any event, her arguments are

16

simply another improper, last-gasp attempt to relitigate Chiasson's entitlement to appellate fees.

### *Conclusion*

This case demonstrates a growing problem in Florida's appellate courts. The recent change in jurisdiction has given intermediate appellate courts jurisdiction to hear appeals from county court cases. The result has been that the amount of pro se appeals has significantly increased. Initially, the appellate courts were able to expeditiously handle the county court appeals.

Recently, however, it appears that many pro se litigants, in both county and circuit courts, are using artificial intelligence platforms to generate appellate briefs and motions. While the prose in these filings is generally readable, many AI-generated submissions contain phantom authority, misstatements of the record, and fabricated quotations. Pro se litigants are not governed by the ethical rules with which licensed attorneys must comply. Because a principled appellate court must examine the issues raised by the parties, digging into AI-generated filings consumes valuable time that could be better spent on other cases.

We have observed:

> "The submission of fictitious or fabricated case law—whether the product of carelessness, misunderstanding, or reliance on generative artificial-intelligence tools—is sanctionable." *Francois v. Vive Fin., LLC*, 51 Fla. L. Weekly D500 (Fla. 4th DCA Mar. 18, 2026); *see also Goya v. Hayashida*, 418 So. 3d 652, 656 (Fla. 4th DCA 2025); *Gutierrez v. Gutierrez*, 399 So. 3d 1185, 1188 (Fla. 3d DCA 2024). This includes citations to cases that do not stand for what is argued.

*Eclectic Synergy, LLC v. Seredin*, No. 4D2026-0781, 2026 WL 1475836, at *2 (Fla. 4th DCA May 27, 2026).

Gouldy's arguments in this appeal are either unpreserved, inadequately briefed, or wholly meritless. She raised fifteen issues, some with sub-issues.

To the extent any of her issues may contain a shred of arguable merit (e.g., the unpreserved apportionment argument), they are swamped by the sea of frivolous arguments that dominate her initial brief. Her initial brief cites a nonexistent case, misrepresents the record, fabricates multiple

quotations from actual legal decisions, and otherwise relies upon cases that do not support the propositions for which they are cited. Gouldy has previously been warned twice against frivolous filings.

In addition to affirming this appeal in its entirety, by a separate order we are issuing an order to show cause as to why Gouldy should not be barred from further pro se filings in this court. *See Friend v. Serpa*, 425 So. 3d 51, 51 (Fla. 4th DCA 2025) (explaining that this court has the authority to sanction a litigant for reliance on "phantom authority" in a brief); *Clerk of Ct. & Comptroller for 13th Jud. Cir., Hillsborough Cnty. v. Rangel*, 427 So. 3d 1069, 1070 (Fla. 2d DCA 2025) (concluding that sanctions were appropriate where a brief included "multiple misstatements and misquotes" of case law). A brief that blatantly and repeatedly includes fabricated quotations from Florida case law meets the standard of a frivolous or bad faith filing, which authorizes sanctions under Florida Rule of Appellate Procedure 9.140(a).

*Affirmed.*

MAY and LEVINE, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely-filed motion for rehearing.***

18